CRÉDITO Y AHORRO POPULAR, Plaintiff and Appellee, *v.* ANTONIO MOLINI ET UX., Defendants and Appellants.

No. 5579. Argued November 25, 1931.—Decided November 20, 1931.

Gonzáles Fagundo & Gonzáles Jr. and R. Hernández Matos for appellants. Tous Soto & Zapater for appellee.

Mr. Chief Justice Del Toro delivered the opinion of the Court.

The only error assigned by the appellants in their brief is that the court erred in excluding attorney's fees from the costs awarded in the judgment it rendered.

It appears from the record that the present action was originally brought in 1929 against Antonio Molini to recover $680.16 as interest on a certain obligation owing from this defendant to the plaintiff. Afterwards an amended complaint was filed making defendant's wife and surety a party defendant. A judgment by default having been entered, it was set aside and the case opened. The wife answered and the case was set for trial. At this stage of the proceedings, the plaintiff discontinued his action. Thereupon the court entered a judgment of dismissal "with costs against the said plaintiff but without including attorney's fees."

The defendants then moved for a reconsideration and both parties were heard. At the hearing, the plaintiff introduced evidence consisting of the record of civil suit No. 5248, brought by the same plaintiff against the defendants, wherein it is sought to recover not only the interest but also the principal of the obligation involved. After considering the attendant circumstances, the court ratified its former decision and denied the motion.

The defendants and appellants maintain that the court was bound to include attorney's fees in the award of costs by express mandate of the law, and should it be considered that the court had jurisdiction to exclude the attorney's fees, they urge that it abused its discretion in excluding them in the instant case.

In *McEvoy* v. *Nadal et al.*, 34 P.R.R. 610, 612, after considering the applicable law and jurisprudence, this Court held that—

"Notwithstanding the amplitude of that jurisprudence, we understand that the provision of section 192 of the Code of Civil Pro-

860

cedure, *supra,* is in force. The mind of the court was directed to suits or proceedings decided on their merits or which had been contested. Respecting a dismissal on the plaintiff's own motion, it is a condition imposed by law which may and should stand.

"Now, considering the letter and spirit of the new laws on the subject, we believe that although the district court had no discretion in the case before us as regards the imposition of costs, it had discretion to include or not in them the attorney's fees and to fix the amount thereof."

The above holding supports the judgment appealed from herein. The appellants attack the doctrine laid down in the *McEvoy* case, *supra,* but their arguments fail to convince us that they are in the right.

Nor do we think that the appellants have established the abuse of discretion they charge against the trial court. The facts show that no involuntary dismissal was involved. The second suit rendered the first unnecessary. In said second suit the defendants may, if successful, obtain full recognition of their rights, with costs against the plaintiff including attorney's fees.

The judgment appealed from must be affirmed.